**Jonathan Gersten, OSB #191582**
jgersten@ojrc.info
**Juan C. Chavez, OSB #136428**
jchavez@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Tel: 503-944-2270

Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **DAMARIEA HARRIS,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**STATE OF OREGON, DR. REED PAULSON, DR. WARREN ROBERTS, JOSEPH BUGHER, JANE DOE 1, and AMY HARDING**<br><br>　　　　　Defendants. | Case No. 6:23-cv-406<br><br>**COMPLAINT**<br>(42 U.S.C. § 1983: Eighth Amendment; State Tort Law: Negligence)<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.

On March 19, 2021, Damariea Harris, injured his hand while incarcerated at the Oregon State Penitentiary (OSP). He sought immediate medical treatment. After multiple visits by Plaintiff over the span of two months, the medical staff at OSP delayed medical care and failed to assess and treat Plaintiff's injury. Defendants' deficient care resulted in permanent damage to

Plaintiff's right hand. Mr. Harris now brings this action for the violation of his civil rights and negligent actions of Defendants.

## JURISDICTION

2.

The Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 28 U.S.C § 1367.

## PARTIES

3.

Damariea Harris, Plaintiff, was incarcerated at OSP at the time of his injury. He currently resides in Multnomah County.

4.

At the time of the allegations made herein, Defendant Reed Paulson, MD, was the Chief Medical Officer at the Oregon State Penitentiary. At all material times, he was responsible for overseeing medical care provided to prisoners at OSP. Dr. Paulson is liable under federal and state law for his own acts and for acts and omissions of employees under his supervision, including those whose conduct contributed to the injuries sustained by Plaintiff. He is sued in his individual capacity.

5.

At the time of the allegations made herein, Defendant Warren Roberts, MD, was the Chief Medical Director for the Oregon Department of Corrections. At all material times, he was responsible for overseeing medical care provided to prisoners at OSP. Dr. Roberts is liable under federal and state law for his own acts and for acts and omissions of employees under his

supervision, including those whose conduct contributed to the injuries sustained by Plaintiff. He is sued in his individual capacity.

6.

At the time of the allegations made herein, Defendant Joseph "Joe" Bugher, was the Assistant Director, Health Services, for the Oregon Department of Corrections. At all material times, he was responsible for overseeing medical care provided to prisoners at OSP. Mr. Bugher is liable under federal and state law for his own acts and for acts and omissions of employees under his supervision, including those whose conduct contributed to the injuries sustained by Plaintiff. He is sued in his individual capacity.

7.

At the time of the allegations made herein, Defendant Jane Doe 1 was an employee of ODOC, a nurse at OSP, and acting within the course and scope of her employment with the State of Oregon. She is sued in her individual capacity.

8.

At the time of the allegations made herein, Defendant Amy Harding was an employee of ODOC, a nurse at OSP, and acting within the course and scope of her employment with the State of Oregon. She is sued in her individual capacity.

9.

The State of Oregon is a public body liable under the laws of the State of Oregon for its own acts and the acts and omissions of its law enforcement officers and other employees, including those whose conduct contributed to Plaintiff's injuries. The State of Oregon's liability includes the failure to oversee the conduct of its doctors and nurses in the prison to prevent medical harm to incarcerated prisoners.

## TORT CLAIM NOTICE

10.

Prior to the initiation of this action, Plaintiff provided notice of his claims to all necessary parties pursuant to ORS 30.275.

## FACTS

11.

Plaintiff injured his right hand the night of March 19, 2021. On March 20, 2021, Plaintiff was seen during "sick call."

12.

Jane Doe 1 saw Plaintiff at triage and noted his sprained fingers, bruising, and deformation. Nurse Harding provided Plaintiff with a splint for his hand and provided notes for his medical visit.

13.

On March 21 and March 22, 2021, OSP medical records note continued bruising and swelling on the second and fourth fingers in Plaintiff's right hand. Nurse Harding advised Plaintiff to soak his hand in warm water, which he continued to do through mid-April. She subsequently reshaped and reapplied the split.

14.

On April 20, 2021, Plaintiff filed a "Non-Emergency Health Care Request" stating that his fingers did not recover. He also wrote that he cannot use his hand for everyday functions.

15.

OSP medical staff saw Plaintiff again during sick call on April 23, 2021, during which the staff noted continued swelling and bruising in the hand.

16.

OSP medical staff placed Plaintiff on a "no work" list for one week beginning on April 27, 2021.

17.

Despite the continued swelling and bruising, the OSP staff forced Plaintiff to work after one week. Plaintiff explained the nature of his injury and presented the symptoms to the staff. He also explained that he was on the "no work" list due to this injury.

18.

OSP staff then assigned Plaintiff to "pots and pans duty," which required extensive use of his injured right hand. After additional complaints from Plaintiff, the same staff moved Plaintiff to "floor duty." This job placement did not alleviate Plaintiff's exposure to pain. Plaintiff cannot refuse to work without potentially facing disciplinary punishment, up to and including loss of privileges, being "celled-in," or being placed in solitary confinement.

19.

An X-ray image performed at Blue Mountain Diagnostic Imaging, Inc. on May 10, 2021, revealed that Plaintiff suffered "fractures… with significant displacement and no evidence of healing" in his right hand, as well as in his right index finger.

20.

OSP medical staff placed Plaintiff back on the "no work" list on May 14, 2021, although the staff in charge of Plaintiff's work detail did not receive this information.

21.

On or about May 17, 2021, Plaintiff sent two communications, referred to as "KYTEs," to the medical staff. The first KYTE pertained to work, and he received a reply that stated that

the medical staff created a "new order… updated [to reflect] no work x4 wks." In the second message, Plaintiff asked why he had not been seen by an Orthopedic specialist. The Medical staff responded that an Orthopedic referral would go out the following day.

22.

The Orthopedist informed Plaintiff that surgery was no longer an option, as the broken bones had begun to heal, albeit with a deformity. The OSP Therapeutic Level of Care (TLC) committee referred Plaintiff to physical therapy on July 22, 2021.

23.

Defendants Roberts, Paulson, and Bugher are responsible for the delivery of medical services to AICs like Plaintiff. Defendant Roberts is the Chief Medical Director and sits on the TLC committee; Defendant Paulson oversees and reviews care provided by providers at OSP; and Defendant Bugher oversees all delivery of health care services for ODOC. Defendants Roberts, Paulson, and Bugher implement a system under the TLC that denies or delays care for persons experiencing pain, such as Plaintiff. ODOC uses a tiered system of care that dictates what level of health services will be authorized and provided by health services. OAR 291-124-0041. This tiered system of care ensures that ODOC does not provide medical services to people until their condition has deteriorated significantly. Often, this means that the services eventually provided are more invasive and ultimately less effective than the results that early intervention would have produced.

24.

The State of Oregon did not provide medical or physical therapy treatment thereafter.

///

///

25.

Plaintiff suffered from pain and permanent damage to his hand and fingers due to the lack of care and negligent monitoring thereof between March 20, 2021, and Plaintiff's release from the Oregon Department of Corrections, which led to improper healing, discomfort, frustration at being unable to access adequate medical care, and fear of permanent injury.

26.

Plaintiff suffered and continues to suffer from the loss of enjoyment of life. He also suffered and continues to suffer loss of work opportunities due to the loss of strength in his right hand, a physical consequence that would have been prevented if ODOC had provided him with proper medical care. Plaintiff requires indefinite physical therapy and pain management for the function and use of his right hand. Additionally, the injury reduces the amount and type of work he can perform.

27.

Economic damages against all defendants to include the future cost of medical expenses beyond what Plaintiff would have incurred without these injuries. These expenses include, but are not limited to orthopedic appointments, physical therapy, and pain management medicine related to this incident.

28.

Plaintiff timely served a Notice of Tort Claim on December 10, 2021. The Notice of Tort Claim satisfies the notice requirements of the Oregon Torts Claim Act.

///

///

///

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983: Eighth Amendment – Deliberate Indifference – All Individually-Named Defendants

29.

Plaintiff incorporates and realleges by reference each of the above paragraphs.

30.

Defendants were aware of the substantial risk of serious harm to Plaintiff through information from the following sources:

a) their personal observation of Plaintiff,

b) information provided to them by Plaintiff,

c) information provided to them by Blue Mountain Diagnostic Imaging, Inc. and medical records,

d) their professional knowledge of the risks associated with untreated fractures and bone displacement, and

e) their professional knowledge of the risks associated with the delayed treatment of fractures and bone displacement.

31.

Defendant(s) were aware of the substantial risk of harm to Plaintiff through one or more of the following circumstances or symptoms displayed to them by Plaintiff or reported to them:

a) consistent and on-going pain,

b) bruising and swelling on two fingers,

c) deformities in hand and on fingers,

d) the lack of improvement by Plaintiff over several days following the injury,

e) the lack of improvement by Plaintiff over the first month following the injury, and

    f) KYTEs and Grievances filed by Plaintiff.

32.

Defendants violated the Eighth Amendment to the U.S. Constitution by not taking reasonable measures to abate or reduce the risk of serious harm, depriving Plaintiff of medical treatment in one or more of the following particulars:

    a) delayed diagnosis of the injury,

    b) delayed access to imaging,

    c) delayed referral to an Orthopedic specialist,

    d) minimized the level of care necessary for his hand injury,

    e) deficient care and treatment of his injury,

    f) the lack of treatment of his injury, and

    g) the lack of follow-through and follow-up with "no work" assignment.

33.

As a result of the punishment inflicted by the Defendants, Plaintiff suffered from pain and permanent damage to his right hand in the form of loss of function, an inability to properly repair it, induction of arthritis, and its indefinite loss of strength.

34.

This violation against Plaintiff's right was the direct and proximate cause of bodily injury, pain, loss of liberty, medical bills where indicated, future medical costs, mental and emotional suffering, worry, fear, and anguish. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

///

///

## SECOND CLAIM FOR RELIEF
### State Law: Negligence – Against Defendant State of Oregon

35.

Plaintiff incorporates and realleges each of the above paragraphs.

36.

Plaintiff's suffering was a foreseeable result of the failure of the State of Oregon to ensure that Plaintiff was able to access adequate medical care.

37.

The State of Oregon, by and through its supervisory staff and policy makers, was aware of and chose to disregard a substantial risk that its defective policies, practices, and customs with respect to the provision of medical care in OSP would cause suffering and serious physical injury. The defective policies, practices, and customs caused suffering and serious physical injury to Plaintiff.

38.

In addition to the acts and failures to act by the State of Oregon and its employees, the State of Oregon and its senior policy makers acted or failed to act in the following particulars which prevented Plaintiff from being able to access adequate medical care:

a) Failure to oversee and supervise the provision of heath care in OSP;

b) Failure to prioritize the treatment of care for Plaintiff's injury;

c) Failure to investigate complaints by inmates and person complaining on behalf of inmates about the inadequacy of health care in OSP.

///

///

39.

The State of Oregon is also liable for the negligence of its employees as described above in the First Claim for Relief, for deficient policies, training, and supervision, because of the State of Oregon's non-delegable duty to ensure that adequate medical care is provided to prisoners.

40.

This violation against Plaintiffs was the direct and proximate cause of bodily injury, pain, loss of liberty, medical bills where indicated, mental and emotional suffering, worry, fear, and anguish. Plaintiffs are entitled to all of their damages in an amount to be ascertained according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mr. Harris, prays for judgment against the Defendants as follows:

1) Findings and orders that Defendants violated the Eighth Amendment to the U.S. Constitution by punishing Plaintiff through the denial and delay of medical care;

2) Economic and non-economic money damages;

3) Reasonable attorney fees and costs of litigation.

4) Any further relief that the Court may deem just and equitable.

Dated: March 20, 2023

*/s/ Jonathan Gersten*
Jonathan Gersten, OSB #191582
Email: jgersten@ojrc.info
Juan C. Chavez, OSB #136428
Email: jchavez@ojrc.info
P.O. Box 5248
Portland, OR 97208
Attorneys for Plaintiff
